FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 4:19-CV-05098-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad Hatfield represents Elizabeth F. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on April 14, 2015, alleging disability since May 22, 2013,[2] due to lumbar radicular pain, spondylosis, degenerative disc disease of the lumbar and lumbosacral regions, obesity, diabetes mellitus, carpal tunnel syndrome, depression, and bipolar disorder. Tr. 95. The application was denied initially and upon reconsideration. Tr. 127-33, 135-41. Administrative Law Judge (ALJ) Lori Freund held a hearing on August 14, 2017, Tr. 36-93, and issued an unfavorable decision on March 29, 2018. Tr. 15-31. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 200-02. The Appeals Council denied the request for review on February 25, 2019. Tr. 1-6. The ALJ's March 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 30, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1983 and was 33 years old when her disability insured status expired in September 2017. Tr. 30. She dropped out of high school in the 11th grade and did not complete a GED. Tr. 86, 232. Her work history consists of cashiering and flower delivery. Tr. 86. In 2013 she was in a motor vehicle accident in which she twisted her back trying to stabilize her child in the back seat, and then slipped and fell on ice when exiting the car after the accident. Tr. 327. Her back pain was initially treated conservatively through chiropractic adjustments and physical therapy. Tr. 295-371. She eventually had steroid injections in her back (Tr. 511, 675) and was evaluated by neurosurgeons, though she did not undergo

---

[2] At the hearing Plaintiff amended her alleged onset date to November 1, 2013. Tr. 40.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 2

surgery. Tr. 51-52, 520, 514, 694. She has also been treated for persistent depression and anxiety.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to

disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 29, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of September 30, 2017. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease (DDD) of the lumbar spine with spondylolisthesis and with leg length discrepancy, morbid obesity, and major depressive disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant could have lifted up to 20 pounds occasionally and could have lifted and carried 10 pounds frequently. She would have been limited to walking and standing for no more than two hours total and sit for only six hours total in an eight-hour workday. She would

>have been limited to a sit and stand option at 20 to 30 minute intervals. She would have needed to avoid climbing ladders, ropes, or scaffolds. She would have been limited to occasional climbing of ramps or stairs with the use of handrails and she would have been limited up to one flight. She would have been limited to occasional balancing or stooping. She would have been limited to a kneeling, crouching and crawling I [sic] up to eight percent of the workday. She would have needed to avoid unprotected heights and hazardous machinery. She would have needed to avoid operational control of moving machinery except her own automobile. She needed to avoid even moderate exposure to excessive industrial type vibrations. She needed to avoid concentrated exposure to extreme cold and heat. She would have been limited to simple and repetitive tasks with only occasional changes in the work setting. She could not have exposure to fast paced production (ex. assembly line type work). She would have been limited to only superficial exposure to the general public. She could have occasional superficial interaction with co-workers but no tandem tasks to be performed.

Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a store cashier and merchandise deliverer. Tr. 30.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of garment sorter, mail clerk, and cashier II. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through September 30, 2017, the date last insured. Tr. 31

# ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting medical opinions; (2) failing to find Plaintiff's impairments met or equaled a listing; (3) improperly rejecting Plaintiff's subjective complaints; and (4) making step five findings that were not supported.

# DISCUSSION

## 1. Plaintiff's subjective allegations

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 16-19.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of

those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. With respect to Plaintiff's physical complaints, the ALJ found (1) the objective physical evidence did not support her allegations; (2) Plaintiff received relief of her back pain from treatments; (3) Plaintiff did not follow up with any suggested treatments for her back after December 2015 and did not take consistent measures to lose weight; (4) no medical evidence supported her allegation that she needed to regularly elevate her legs; and (5) her daily activities were inconsistent with the alleged disabling level of symptoms. Tr. 23-26. With respect to her mental health impairments, the ALJ found Plaintiff's allegations to be undermined by (1) the objective exam findings; (2) her reports of overall improvement despite some situational stressors; (3) her failure to take appropriate measures to lose weight; and (4) her daily activities. Tr. 26-27.

Plaintiff argues the ALJ grossly mischaracterized the record in referring only to the unremarkable findings and ignoring the objective findings that consistently support her disabling allegations. ECF No. 13 at 16-17. She further asserts her daily activities are modest, performed with difficulty and assistance, and not inconsistent with her reported limitations. *Id.* at 17-18. Finally, she argues that while there are times when her mental health improved, the evidence shows waxing and waning of her symptoms and the ALJ relied only on the times when she was doing better. *Id.* at 18-19.

Defendant asserts the ALJ reasonably relied on evidence of improvement with treatment, activities that exceeded Plaintiff's alleged abilities, and objective records that did not support the extent of the alleged limitations. ECF No. 14 at 10-15.

The Court finds the ALJ's rationale is not supported by substantial evidence. "While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing'

standard." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The Court finds the ALJ's rationale is not supported by substantial evidence when viewed with the entire longitudinal record.

### a. Activities

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ability to engage in minimal daily activities around the home and for personal care is not necessarily inconsistent with disability. *See Garrison,* 759 F.3d at 1016; *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)("the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.")

The ALJ noted Plaintiff's ability to do housework, care for her children, go grocery shopping, and occasionally exercise in her efforts to lose weight. Tr. 26, 27. The ALJ failed to identify how any of these activities were inconsistent with any of Plaintiff's allegations. She testified that she can only be on her feet for 20-30 minutes before needing to take a break, and she testified she lays down or naps for an hour at least three times per day. Tr. 55-56, 59-60, 520. She stated that her daughter helps a lot with the house work, and in taking care of the younger children on the days when her back pain is too severe to get out of bed. Tr. 53, 66. This testimony was consistent with other reports in the medical records of Plaintiff receiving help around the house at times from her older children. Tr. 520, 567. The ALJ also failed to acknowledge the fact that tending to home activities differs greatly from working in a competitive work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."). Similarly, the ALJ did not

identify any specific child care actions that are inconsistent with Plaintiff's reported limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017). Finally, while the record indicates at times Plaintiff was exercising in her efforts to lose weight, the record contains no evidence regarding how long or how vigorously Plaintiff was engaging in any exercise, and as the ALJ noted, it was not enough for her to see substantial improvement in her weight. Tr. 561, 622, 659.

The Court finds the ALJ's rationale does not satisfy the clear and convincing standard.

### b.  Effectiveness of treatment

The ALJ found Plaintiff received good results from her physical therapy and chiropractic treatments in 2013 and 2014, and noted that steroid injections were successful in reducing her back pain. Tr. 25-26. The ALJ also found that despite situational stressors at home, Plaintiff consistently reported an overall improvement in her depressive symptoms once she started treatment. Tr. 27. While the efficacy of treatment is a factor for an ALJ to consider, a review of the record shows that periods of improvement were not sustained and the record shows cycles of improvement and worsening symptoms, particularly with respect to Plaintiff's mental health.

The relief Plaintiff received from chiropractic adjustments generally lasted no longer than a few days at a time. Tr. 305, 332, 344, 360. The first steroid injection she received in her back in 2014 was not helpful. Tr. 513, 666. The one she received in 2015 provided relief of 70% of her pain and helped resolve her radicular symptoms. Tr. 677. However, six months later she reported her low back pain was again radiating into her posterior legs, with the pain ranging from a 6 to a 10 depending on the day. Tr. 688. These reports led her providers to order an updated MRI showing ongoing spondylolisthesis with moderate to severe foraminal stenosis. Tr. 692, 699-700. She was counseled on treatment options, including surgery, conservative measures, or more injections. Tr. 694. This does

not indicate improvement to the point of inconsistency with Plaintiff's reports of ongoing problems.

Similarly, while Plaintiff's mental health treatment records include reports of feeling better and instances of Plaintiff presenting with normal mood and affect, they also reflect nearly as many instances of Plaintiff presenting as tearful, depressed, dysphoric, and stressed. Tr. 545, 548, 551, 554, 557, 567, 569, 572, 591, 593-94, 597, 604, 607-08, 612, 617, 636, 643, 644. At one point, Plaintiff reported she was stressed to the point of considering inpatient treatment. Tr. 593. The record supports her reports to the consultative examiner and her treating counselor that her mood is up and down and that she sometimes feels good, but for relatively short periods of time. Tr. 539, 614. The Ninth Circuit has taken issue with ALJs selectively citing evidence of improvement:

> it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The Court therefore finds improvement with treatment was not a clear and convincing basis upon which to discount Plaintiff's subjective reports.

  **c. Failure to lose weight or seek more treatment**

The ALJ found Plaintiff's failure to follow medical recommendations to lose weight undermined her allegations of disabling symptoms. The ALJ also noted Plaintiff failed to follow up with any suggested treatment options after December 2015. An unexplained or inadequately explained failure to seek or follow courses of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, before rejecting a claimant's

testimony on this basis, the ALJ must consider a number of factors, including whether an individual may have structured her activities to minimize symptoms to a tolerable level, and whether the individual is able to afford or otherwise access treatment. Social Security Ruling 16-3p. The ALJ did not discuss these factors.[3] Furthermore, the record contains at least some indications of Plaintiff's attempts at weight loss and partial success at times, though the extent of her efforts is unclear. Tr. 505, 508, 514, 526, 539, 567, 599, 650, 686. The Court therefore finds the ALJ improperly rejected Plaintiff's subjective complaints on the basis of her failure to follow recommendations to lose weight or seek more treatment.

### d. Objective evidence

To the extent the ALJ implied Plaintiff's allegations were not supported by the objective evidence, this alone is an insufficient basis upon which to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, unsupportive objective evidence is not a sufficient rationale. Furthermore, particularly with respect to Plaintiff's mental health impairments, the ALJ's discussion of the objective findings omitted many of the indicators throughout the record that are supportive of Plaintiff's allegations. The record also contains multiple MRIs that objectively establish Plaintiff's physical impairment. Tr. 497-98, 699-700.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical

---

[3] For example, Plaintiff testified she periodically elevates her legs throughout the day. The ALJ was correct in noting no medical provider instructed her that this was medically necessary; however, the fact that she attempted to address her symptoms in ways that she found helpful does not detract from the reported symptoms.

evidence and other evidence in the record, and what specific evidence undermines those statements.

**2.     Medical opinion evidence**

When an examining physician's opinion is contradicted by another physician, an ALJ must provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Plaintiff attended a consultative physical exam with Dr. William Drenguis in 2015. Tr. 519. Dr. Drenguis diagnosed Plaintiff with low back pain and morbid obesity. Tr. 523. He opined Plaintiff was capable of standing and walking for at least two hours; could sit for less than six hours; could lift and carry 20 pounds occasionally and ten pounds frequently; had various limitations on postural activities; and could frequently use her hands and arms for reaching and manipulative activities. Tr. 523-24.

The ALJ gave this opinion great weight, noting Dr. Drenguis had the chance to examine Plaintiff and that his opinion was supported by the objective medical evidence and Plaintiff's own statements. Tr. 28-29.

Plaintiff argues the ALJ erred by failing to offer any reason for discounting Dr. Drenguis's opinion that Plaintiff could sit for *less than* six hours, and instead found her capable of sitting for a full six hours. ECF No. 13 at 13-14. Plaintiff asserts that, combined with the ALJ's finding that Plaintiff is only capable of standing and walking for two hours, a limitation to sitting for less than six hours would result in Plaintiff being unable to perform a full eight-hour day. *Id.* Defendant argues any error was harmless, as the residual functional capacity found by the ALJ allows for Plaintiff to change position every 20 to 30 minutes, and is thus more restrictive than Dr. Drenguis found. ECF No. 14 at 4-5, 15-16.[4]

---

[4] Plaintiff also faults the ALJ for failing to include Dr. Drenguis's recommendation that Plaintiff no more than frequently use her hands and arms. ECF No. 13 at 14.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

As this claim is being remanded for further evaluation of Plaintiff's subjective claims, the ALJ shall also reevaluate the medical opinion evidence, and provide an explanation for the weight assigned to Dr. Drenguis's opinion.

**3.    Listings**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ erred at step three by making incorrect findings regarding Listing 1.04A. Plaintiff further asserts the evidence supports a finding that her conditions meet or medically equal Listing 1.02 and 1.04. ECF No. 13 at 14-15. Defendant argues Plaintiff offered no plausible argument as to how Listing 1.02 was met, and that the ALJ's findings regarding both listings are supported by substantial evidence. ECF No. 14 at 7-10.

**a.    Listing 1.02A**

Listing 1.02 concerns major dysfunction of a joint, and requires a showing of:

> gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

---

However, as Defendant notes, none of the jobs identified by the ALJ at step five require more than frequent reaching or manipulative activities. ECF No. 14 at 4. Therefore, any error was harmless.

> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.02. Section 1.00B2b defines an inability to ambulate effectively as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

*Id.* at §1.00(B)(2)(b)(1).

Plaintiff has advanced no argument as to how her conditions meet or equal this listing. The record contains no evidence of Plaintiff using an assistive device, other than for a short period of time immediately following an ankle fracture. Tr. 733. The ALJ's finding that this listing is not met is supported by substantial evidence. Tr. 20.

### b. Listing 1.04A

Listing 1.04 concerns disorders of the spine, and is met when the evidence shows:

> compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.04.

Plaintiff argues the ALJ "merely stated that 'the evidence fails to establish nerve root compression[.]'" and that this finding is clearly contrary to the evidence showing compression of the nerve roots. ECF No. 13 at 15. However, Plaintiff's quote of the ALJ's decision is truncated. The ALJ found "the evidence fails to establish nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication *of the severity required to meet or medically equal listing 1.04*." Tr. 20. The ALJ did not find that there was *no* nerve root compression; she found the nerve root compression and other conditions were not severe enough to meet the listing. *Id.*

Plaintiff further asserts that the evidence is sufficient to support a finding that the listing is met, citing records purporting to demonstrate each of the elements of the listing. ECF No. 13 at 15. However, there is no indication that Plaintiff has a positive straight leg raise test. The record contains numerous straight leg raise tests, none of which contain positive results. Tr. 328, 496, 507, 522.[5] Furthermore, the medical expert at the hearing testified that no listing was met or equaled. Tr. 45. The ALJ's finding that the listing is not met is supported by substantial evidence.

---

[5] Plaintiff cites Tr. 522 as evidence of a positive straight leg raise. ECF No. 13 at 15. The notation states "Straight leg raising: Produced nonradiating lumbar discomfort at 90 degrees both seated and supine bilaterally." Tr. 522. The examiner noted there were no sciatic findings. Tr. 523. This is a negative straight leg raise test. *See* Cathy Speed, *ABC of Rheumatology, Low Back Pain*, 328 BRIT. MED. J. 1120 (2004), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC406328/pdf/bmj32801119.pdf

**4.      Step five**

Plaintiff argues the above errors resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 13 at 19-20. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ shall also complete the five-step analysis and make a new step five determination as necessary.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence as a whole and complete the five-step process.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

1     The District Court Executive is directed to file this Order and provide a copy
2 to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and
3 the file shall be **CLOSED**.

4     **IT IS SO ORDERED.**

5     DATED July 8, 2020.



                         _____
                                 JOHN T. RODGERS
                       UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 17